IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CA. No.06-258ML |
| | ) | CR. No.01-131ML |
| TERRANCE A. CANNON | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

## I. INTRODUCTION

This memorandum is the Government's response to two additional § 2255 petitions, filed pro se, by Terrance Cannon ("Cannon"). Cannon filed a "Habeus Corpus Motion to Correct and Vacate Sentence" dated April 18, 2006 (denoted by Cannon as "1:0CR00131-001") and a "Petition Under 28 U.S.C. § 2255 for Writ of Habeas Corpus By A Person In Federal Custody" file stamped June 5, 2006 (CA06-132ML). These filings follow Cannon's previous filing titled "Defendant's Motion To Vacate Sentence Under the Constitution and Statues (sic)" file stamped March 20, 2006 (CA06-132ML - hereinafter "original petition"). Despite the erroneous title the court correctly identified this filing as Cannon's first § 2255 petition and ordered the government to respond accordingly. The Government's response to that

petition is attached and incorporated in this response.

The court may characterize the April 18 and June 5 filings as either amendments to Cannon's original petition, or as successive filings. In either case, they are procedurally deficient. Even if Cannon's petition was not procedurally deficient for being untimely, unsworn (in the case of the April 18 petition), and either being an improperly filed amendment or a successive § 2255 filing, Cannon's claims are without merit.

## II. **ARGUMENT**

### A. Cannon's Petitions Are Procedurally Defaulted

As discussed in our previous response, Cannon's original § 2255 filing was beyond the one year period of limitations. Section 2255 petitions must be filed within a one year period that begins to run "from the date on which the judgment becomes final." See 28 USC § 2255(1). Since Cannon was convicted on July 29, 2002, and did not appeal, his conviction was final on August 8, 2002. Cannon had until August 8, 2003 to file a timely § 2255 petition and failed to do so. The Government maintains that each of Cannon's three subsequent § 2255 filings are therefore

statutorily defaulted.[1]

Even if Cannon's petitions were not time barred, they are not properly before this court. If the court chooses to treat these petitions as amendments to Cannon's original petition, they are governed by Federal Rule of Civil Procedure 15. United States v. Campi, 419 F.3d 20, 23 (1st Cir. 2005). A party amending a petition must have leave of the court to do so if the amendment is required after a responsive pleading has been received. See Fed. R. Civ. P. 15. In this case, the government has previously responded to the petition, and no leave was granted by the court. If the court prefers to treat these petitions as new and successive § 2255 petitions, which they appear to be, Cannon has failed to obtain certification by the appeals court and to argue that new evidence has been discovered or that a new rule of constitutional law applies retroactively - the only two circumstances in which successive § 2255 petitions are permitted. See 28 USC § 2255(8).

Additionally, as fully set forth in the Government's original response, a petitioner who does not raise a claim on direct appeal will also find the claim to be procedurally

---

[1] Although amendments to filings can relate back to a timely filing and therefore avoid the time limitation, Cannon's claim cannot be saved by such a means since there has never been a timely § 2255.

barred. Under those circumstances a petitioner must establish cause and prejudice. Cannon does neither.

For each of these reasons, Cannon's petitions are properly denied based solely upon procedural deficiencies. The court may choose however to deny Cannon's § 2255 petitions on substantive grounds because the arguments lack merit. The government will briefly explain and will supply further analysis if the Court so requests.

B. Cannon Was Not Entitled To Notice Under 21 USC § 851

Cannon's principal argument in his April 18 petition seems to be that the use of his criminal record for determining his sentence under the sentencing guidelines was improper. This is an argument that was not present in his original filing. Cannon cites 21 USC § 851, which requires the Government to file an information with the court giving a defendant notice of the prior convictions to be used to statutorily enhance his sentence. Cannon has misread 21 USC § 851. The notice required by § 851 only applies to statutory increases in punishment not to criminal history points calculated under the Federal Sentencing Guidelines. Cannon's claim lacks support in the law and should be denied.

C. Booker Is Not Retroactive

Cannon also advances two new arguments in the June 5, 2005 petition. Cannon's first new argument asserts that the court lacks the jurisdiction or authority to sentence him because the guidelines have been unconstitutional since 1987. He correctly states that the guidelines are advisory and not binding. This leads the government to the conclusion that Cannon is attempting to raise a Booker issue, although he does not cite that case. See United States v. Booker, 543 US 220 (1st Cir. 2005).

Presumably Cannon is arguing that he should be re-sentenced, although upon what exact grounds he believes this is appropriate is unclear. The fact that the Federal Sentencing Guidelines are advisory post-Booker, of course, does not affect his 2002 conviction. This Circuit has held that "petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive." United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005).

D. Consideration of Criminal History Does Not Amount to Double Jeopardy

Cannon's second argument is that consideration of criminal history in determining a sentence under the Federal Sentencing Guidelines amounts to double jeopardy. Again, Cannon cites no authority in support of his position. The Supreme Court has previously rejected the argument that recidivism must be treated as an element of the offense, included in the indictment, and proved to a jury beyond a reasonable doubt. Almendarez-Torres v. United States, 523 US 224, 239 (1998), see also United States v. Ivery, 427 F.3d 69, 75 (1st Cir. 2005)(holding Almendarez-Torres remains binding law).

The punishment imposed for later offenses are "not to be viewed as either a new jeopardy or additional penalty for the earlier crimes," but instead as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because [it is] a repetitive one." Witte v. United States, 515 US 389, 400 (1995). Because Cannon's argument has already been considered and rejected, it should be denied here.

III. **Conclusion**

For the above stated reasons, the United States requests that Cannon's motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

GERARD B. SULLIVAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June 2006, I served a copy of the within Government's Response To Defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody, by mailing same, postage prepaid, to:

Terrance A. Cannon
05098-070
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903

Paulette E. Gamache