**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TERRANCE CANNON | : | |
| | : | |
| vs. | : | CA. No. 06-132-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

| | | |
|---|---|---|
| TERRANCE CANNON | : | |
| | : | |
| vs. | : | CA. No. 06-268-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM AND ORDER

Terrance Cannon has filed three postconviction motions for relief in the above-captioned actions. For the reasons set forth below, those motions are denied.

### BACKGROUND AND TRAVEL

On January 29, 2002 Cannon pled guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), and to two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 18 U.S.C § 2. As part of a plea agreement signed by Cannon, the Government agreed not to file an information under 21 U.S.C. § 851 seeking an enhanced sentence due to Cannon's prior felony drug conviction.

The presentence report (PSR) prepared by the U.S. Probation Office calculated Cannon's total offense level at 29 (derived from a base offense level of 32 and a three-point reduction for acceptance of responsibility) and a criminal history level VI, with a resulting Guideline sentencing range of 151 - 188 months. On July 18, 2002, Cannon was sentenced to a term of 160

months imprisonment, followed by five years of supervised release. During the sentencing hearing, the Court made no findings of fact concerning any sentencing enhancements. Final judgment was entered on July 29, 2002. Cannon did not appeal, and his conviction became final on or about August 8, 2002.

On March 20, 2006, more than three and one-half years after his conviction became final, Cannon filed a motion entitled "Motion to Vacate Sentence under the Constitution and Statues" (sic) (first motion), in Civil Action No. 06-132-ML. The motion is difficult to follow but essentially asserts that the supervised release portion of Cannon's sentence is unconstitutional in light of United States v. Booker, 543 U.S. 220 (2005). This Court characterized the motion as one filed under 28 U.S.C. § 2255, and ordered the Government to respond. In its response, the Government claimed *inter alia* that the motion was untimely.

On April 18, 2006, Cannon filed a motion under 28 U.S.C. § 2241, entitled "Habeas Corpus Motion to Correct and Vacate Sentence" (second motion), claiming that his sentence was invalid because the Government failed to file a notice of its intention to rely on a previous drug conviction to enhance his sentence pursuant to 21 U.S.C. § 851(a)(1).[1] Then, on June 5, 2006, Cannon filed a separate petition under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By a Person in Federal Custody" (third motion) in Civil Action No. 06-268. In this third motion, Cannon claims (1) that his Fifth and Sixth Amendment rights were violated because a jury did not decide the facts underlying his sentence enhancements; (2) that his counsel was ineffective for failing to "explain the ramifications of [his] case;" (3) that this Court lacked jurisdiction to enhance his sentence because the Sentencing "[G]uidelines are unconstitutional

---

[1] This motion was received by the Court on May 5, 2006 and was docketed in C.A. No. 06-132-ML.

and have been since 1987;" and (4) that this Court's consideration of his prior state convictions in connection with the calculation of his sentence amounts to double jeopardy. (Third Motion at ¶ 12A-D.) The Government has filed a response to these latter two motions. This Court has determined to consider all three motions in C.A. No. 06-132-ML and C.A. No. 06-268-ML in this decision.

## DISCUSSION

There is a one-year limitations period for a motion to vacate sentence filed under § 2255. This one-year period of limitations runs from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

A. C.A. No. 06-132-ML

Because Cannon's first motion sought to vacate part of his sentence, this Court characterized it as having been brought under 28 U.S.C. § 2255. Because it was filed more than three and one half years after his conviction became final in August 2002, it is untimely. Cannon does not assert, nor could he, that the limitations period is governed by any of the other provisions of §2255, ¶ 6.

This Court is mindful of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), in which the Supreme Court held that (1) where a district court characterizes a

pro se litigant's motion as a motion under § 2255, the court must provide the litigant with notice that the motion is being so construed and an opportunity to file any additional claims the litigant may have under §2255 prior to ruling on that motion, and (2) that absent such notice, the motion cannot be counted as a § 2255 motion for purposes of applying to later motions the "second or successive" provision set forth in 28 U.S.C. § 2255, ¶ 8. Id. at 383. Although such notice was not specifically given to Cannon here, this Court need not determine whether its initial characterization of Cannon's first motion as a § 2255 motion renders his subsequent filings second or successive petitions, because in any event Cannon's first motion was filed long after the one-year limitations period had expired. See Jackson v. United States, 2006 WL 2443686 at *2 (W.D.N.C. August 21, 2006)(even if court erroneously recharacterized motion as a § 2255 motion, error was harmless, as limitations period has already expired).

Moreover, even if this Court *sua sponte* were to withdraw its characterization of Cannon's first motion as one filed under §2255, so that the one-year limitations period does not apply, that motion in any event fails to state a claim upon which relief may be granted. In it, Cannon asserts that his supervised release was unconstitutional and should be vacated. However, as the Government points out, supervised release is, and has been, clearly authorized by statute, 18 U.S.C. § 3583, and that statute has not been held unconstitutional. See e.g., United States v. Huerta-Pimental, 445 F.3d 1220, 1225 (9th Cir. 2006) (supervised release not unconstitutional under Booker).[2]

Cannon's second motion, filed one month later, purports to be brought under 28 U.S.C.

---

[2] As the Government points out, this motion was unsworn, which potentially constitutes a further procedural defect barring relief. See Rule 2(a) of the Rules Governing Section 2255 Proceeding (requiring § 2255 motion to be signed under the pains and penalties of perjury). In view of its disposition herein, the Court need not decide this point.

§2241. Generally, § 2241 habeas petitions are brought in the district where the petitioner is confined to challenge the manner or conditions of a sentence's execution, while § 2255 motions are brought in the sentencing court to contest the legality of the imposition of a sentence. See Gonzalez v. United States, 150 F.Supp.2d 236, 240 (D.Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000)). See also United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir.1999), cert. denied, 528 U.S. 1176 (2000). Here, if Cannon's second motion is accepted as labeled (brought under § 2241), it is filed in the wrong court, since Cannon was in custody at a Federal detention facility at Rochester, Minnesota at the time he filed it. Id. Thus, this motion is subject to dismissal on that basis. See Gonzalez, 150 F.Supp.2d at 240.

However, the claim asserted in this motion – that Cannon's sentence is invalid in view of the Government's failure to file a notice of intent to seek an enhanced sentence under 21 U.S.C. §851 – constitutes a challenge to the calculation and imposition of his sentence. As such, this motion is subject to recharacterization either as a § 2255 motion or as an amendment to Cannon's first motion. If recharacterized as a § 2255 motion, the motion is out of time, see 28 U.S.C. §2255, ¶ 6(1).[3] If re-characterized as an amendment that relates back to his first motion pursuant to Fed. R. Civ. P. 15(a) – itself a dubious proposition, see United States v. Ciampi, 419 F.3d 20, 23 (1st Cir. 2005) (relation back of amendment doctrine strictly construed in § 2255 context) -- the motion is still untimely to the extent that his first motion is untimely, as discussed supra,

Cannon may not rely on the so-called "savings clause" of § 2255 to justify the filing of his § 2241 motion. The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is

---

[3] Because the motion, as recharacterized, is out of time, giving Cannon notice and an opportunity to supplement under Castro would merely invite him to engage in futile acts, and thus those requirements are not applicable. See Jackson, 2006 WL 2443686 at *2.

> authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5 (emphasis added). However, the saving clause applies only where a petitioner has shown either cause and prejudice or "actual innocence." See United States v. Sustache-Rivera, 221 F.3d 8, 15-17 (1st Cir. 2000). Here, Cannon has failed to do either. Moreover, Cannon cannot use the savings clause to evade the restrictions of § 2255 by filing a motion under § 2241 instead. See Barrett, 178 F.3d at 50-52 (permitting a petitioner to evade the restrictions of § 2255 by resorting to § 2241 would render those restrictions meaningless).

Separate and apart from the procedural obstacles plaguing this second motion, the claim asserted therein is any event meritless. Cannon claims that his sentence is illegal and that this court lacked jurisdiction to sentence him in the absence of the filing of an information by the Government under 21 U.S.C. § 851. However, Cannon's prior convictions were used only to calculate his criminal history level, and his sentence was based on that level as calculated; the only adjustment to his sentence was a reduction for acceptance of responsibility. See PSR, ¶¶14-23. As the Government points out, Canon misreads § 851. The notice required by that provision only applies to statutory increases in punishment and not to criminal history points calculated under the Sentencing Guidelines. Furthermore, Cannon's plea agreement specifically provided that the Government would not file a § 851 information based on his prior felony drug conviction and, in keeping with the provisions of that agreement, no § 851 information was filed.

B. C.A. No. 06-268-ML

Cannon's third motion, unquestionably a petition for § 2255 relief, was filed on or about June 5, 2006 – well beyond the one-year limitations period. §2255 ¶ (6)(1). It is thus subject to

dismissal as untimely. The fact that this motion asserts a Booker claim does not save it, as Booker is not retroactive to cases on collateral review. See Cirio-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) and cases cited; United States v. Fraser, 407 F.3d 9, 11 (1st Cir. 2005)("This court has held that petitions under 28 U.S.C. § 2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive.") (citing Cirio-Munoz, 404 F.3d 527).

Finally, even if this petition were timely, none of the claims asserted therein have any merit, for the reasons noted above and those set forth by the Government in its response to Canon's third motion. See Government's Response to Defendants Motion under §2255, filed in C.A. No. 06-268-ML (Doc. 3) at 2-6.

CONCLUSION

In view of the foregoing considerations, Cannon's three postconviction motions for relief as filed in C.A. No. 06-132-ML and C.A. No. 06-268-ML, are hereby DENIED and dismissed.

So Ordered:

Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
May 15, 2007